UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARLOS ALVAREZ and CARLOS MUNOZ,
individually and on behalf of all other persons
similarly situated who were employed by MICHAEL
ANTHONY GEORGE CONSTRUCTION CORP.,
MICHAEL ANTHONY GEORGE NURSERY
INC., MICHAEL ANTHONY GEORGE, LTD.,
MICHAEL ANTHONY GEORGE, and/or any other
entities affiliated with or controlled by MICHAEL
ANTHONY GEORGE and/or MICHAEL ANTHONY
GEORGE CONSTRUCTION CORP.,

                        Plaintiffs,

          - against -

MICHAEL ANTHONY GEORGE CONSTRUCTION
CORP.; MICHAEL ANTHONY GEORGE NURSERY
INC.; MICHAEL ANTHONY GEORGE, LTD.;
MICHAEL ANTHONY GEORGE; and/or any other
entities affiliated with or controlled by MICHAEL
ANTHONY GEORGE and/or MICHAEL ANTHONY
GEORGE CONSTRUCTION CORP.,

                        Defendants.
-------------------------------------------------------------------X

**ORDER**

CV 10-5894 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court is Plaintiffs' motion seeking permission to publish a substantially conforming version of the "Notice of Lawsuit" in a Spanish language newspaper on three separate days, over a two- week period. Having reviewed Plaintiffs' letter motion and Defendants' opposition, Plaintiffs' motion is hereby GRANTED.

      On November 1, 2011, the Court "so ordered" the parties' Stipulation and Publication Order ("Publication Order") which memorialized the parties' agreement over the conditional certification of this Fair Labor Standards Act ("FLSA") action as well as the content of the

Notice of Lawsuit and Publication Order.  Consistent with the terms of the Publication Order, the Defendants produced a mailing list to Plaintiffs which identified 42 putative class members.  Defendants were able to provide Plaintiffs with the last known address for 36 of the 42 individuals.  Notwithstanding this production, Plaintiffs claim that the mailing list is incomplete, thereby necessitating a newspaper publication.  To support this allegation, Plaintiffs allege that at any one time, they worked with 40 to 45 employees.  According to Plaintiffs, this figure, coupled with a high employee turnover rate at Defendants, should have resulted in a list of at least 60-70 individuals.  Plaintiffs also maintain that a former employee of Defendants, whose name does not appear on the mailing list, contacted Plaintiffs' counsel regarding this action.

While the Court finds Plaintiffs' contention that the mailing list should have contained 60-70 individuals speculative, other courts have allowed plaintiffs to publish a notice of lawsuit in addition to mailing the notice to putative members.  *See Gortat v. Capala Bros., Inc.*, No. 07-CV-3629, 2009 WL 3347091, at *10 (E.D.N.Y. Oct. 16, 2009) (allowing plaintiffs to publish notice of lawsuit in a New York-based Polish newspaper in addition to mailing the notice to putative members); *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 WL 7142139, at *2 (S.D.N.Y. Aug. 9, 2007) ("Plaintiffs are permitted to mail said notice to the individuals required to be disclosed by defendants and to publish said notice in such local newspapers as determined by plaintiffs.").  On this basis, the Court grants Plaintiffs' request to publish the Notice of Lawsuit in a Spanish newspaper.  However, similar to the court in *Gortat*, this Court finds that any costs associated with the publication are to be borne by the Plaintiffs.  *Gortat*, 2009 WL 3347091, at *10 ("[G]iven the thoroughness of defendants' production with respect to the names of putative class members, and the lack of concrete information about there

being additional employees, plaintiffs should pay for publication of the notice as a taxable expense."). Should a significant number of individuals not found on Defendants' mailing list opt-in to this action, Plaintiffs' may file an appropriate letter motion seeking to have the cost of publication shifted to Defendants.

Based on the foregoing, Plaintiffs are authorized to publish a substantially conforming version of the "Notice of Lawsuit" in a Spanish language newspaper on three separate days, over a two-week period. Plaintiffs are directed to schedule the first publication within 30 days of this Order. Not less than three days prior to the publication, Plaintiffs are directed to notify the Court and Defendants' counsel as to the chosen newspaper and the dates on which the "Notice of Lawsuit" will be published. Those individuals whose names do not appear on the mailing list or whose address is not accurately reflected on the mailing list, shall have 30 days from the first date of publication to opt-in to this FLSA collective action.

**SO ORDERED.**

Dated: Central Islip, New York
December 27, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge