UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

CARLOS ALVAREZ and CARLOS MUNOZ, individually and on behalf of all other persons similarly situated who were employed by MICHAEL ANTHONY GEORGE CONSTRUCTION CORP., MICHAEL ANTHONY GEORGE NURSERY INC., MICHAEL ANTHONY GEORGE, LTD., MICHAEL ANTHONY GEORGE, and/or any other entities affiliated with or controlled by MICHAEL ANTHONY GEORGE and/or MICHAEL ANTHONY GEORGE CONSTRUCTION CORP.,

Docket No. 11-cv-1012 (DRH)(AKT)

**DEFENDANTS' LOCAL RULE 56.1 COUNTER STATEMENT OF FACTS**

Plaintiffs,

- against -

MICHAEL ANTHONY GEORGE CONSTRUCTION CORP.; MICHAEL ANTHONY GEORGE NURSERY INC.; MICHAEL ANTHONY GEORGE, LTD.; MICHAEL ANTHONY GEORGE; and/or any other entities affiliated with or controlled by MICHAEL ANTHONY GEORGE and/or MICHAEL ANTHONY GEORGE CONSTRUCTION CORP.,

Defendants.

-------------------------------------------------------------------------X

Pursuant to Local Civil Rule 56.1 of the local Rules of the United States District

Courts for the Southern and Eastern Districts of New York, Defendants, Michael

Anthony George Construction Corp., Michael Anthony George Nursery, Inc., Michael

Anthony George Ltd., and Michael Anthony George (collectively "the Defendants"), by

their attorney, Joady Benjamin Feiner, Attorney at Law, submit the following counter-

statement of material facts in opposition to Defendant's Rule 56.1 Statement of Facts in

support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules

of Civil Procedure. Defendants respectfully submit that Defendant's motion sets fourth

many issues of material fact that warrant the denial of Plaintiffs' Motion.

1.      *Defendant Michael Anthony George Construction Corp. is a corporation incorporated under the laws of the State of New York, engaged in the business of landscaping and construction. [See NYS Department of State Entity Information, annexed hereto as Exhibit. "A'"].*

For purposes of this motion, Defendants do not dispute paragraph 1 of Plaintiffs' 56.1 Statement of the facts.

2.      *Defendant Michael Anthony George Nursery Inc. is a corporation incorporated under the laws of the State of New York, engaged in the business of landscaping and construction. [See NYS Department of State Entity Information, annexed hereto as Exhibit "B"'].*

For purposes of this motion, Defendants do not dispute paragraph 2 Plaintiffs' 56.1 statement of the facts.

3.      *Defendant Michael Anthony George Ltd. was a corporation incorporated under the Laws of the State of New York, engaged in the business of landscaping and construction. The corporation was dissolved on October 31, 2011, approximately seven months after the instant action was commenced. [See NYS Department of State Entity Information, annexed hereto as Exhibit "C"; Plaintiffs' Complaint. dated March 3, 2011. annexed hereto as Exhibit '"D"].*

For purposes of this motion, Defendants do not dispute paragraph 3 of Plaintiffs' 56.1 statement of the facts.

4.      *Beginning in or about March 2004 through November 2010, Defendants employed Plaintiff Carlos Alvarez to carry out tasks in furtherance of its landscaping and construction business. [See December 9, 20 II Deposition transcript of Carlos Alvarez*

*("Alvarez Dep.'"), pg.35: 6-11,40: 7, annexed hereto as Exhibit ["E"].*

For purposes of this motion, Defendants do not dispute paragraph 4 Plaintiffs' 56.1 statement of the facts.

5. *Beginning in or about 2005 through December of 2011, Defendants employed Named Plaintiff Carlos Munoz to carry out tasks in furtherance of its landscaping and construction business. [See Declaration of Carlos Munoz ("Munoz Dec"). annexed hereto as Exhibit "F" ¶ 2].*

For purposes of this motion, Defendants do not dispute paragraph 5 of Plaintiffs' 56.1sStatement of the facts.

6. *Beginning in or about March of 1996 through December 30, 2011, Defendants employed Plaintiff Leandro Munoz to carry out tasks in furtherance of its landscaping and construction business. [See Declaration of Leandro Munoz ("L. Munoz Dec.") annexed hereto as Exhibit "G," ¶ 2].*

For purposes of this motion, Defendants do not dispute paragraph 6 of Plaintiffs' 56.1 statement of the facts.

7. *Beginning in or about 2005 through December 30, 2011, Defendants employed Plaintiff Jose Vidal Munoz Galindo to carry out tasks in furtherance of its landscaping and construction business. [See Declaration of Jose Vidal Munoz Galindo ("Galindo Dec."), annexed hereto as Exhibit '"H," ¶ 2].*

Defendants dispute, in part, paragraph 7 of Plaintiffs' 56.1 statement of the facts. Jose Vidal Munoz Galindo ("JG") started employment with Defendants in approximately the beginning of 2005. However, from approximately 2005 to approximately the middle of 2008, JG was not employed with the Defendants. See: Michael Anthony George

Affidavit annexed to Declaration of Joady Benjamin Feiner at Ex. 2 ("MAGA") at ¶ 7.

8.      *Beginning in or about 2005 through December of 2011, Defendants employed Plaintiff Ruben Barrera to carry out tasks in furtherance of its landscaping and construction business. [See Declaration of Ruben Barrera ("Barrera Dec."), annexed hereto as Exhibit "I," ¶ 2].*

For purposes of this motion, Defendants do not dispute paragraph 8 of Plaintiffs' 56.1 Statement of the facts.

9.      *Beginning in or about 2006 through May or June of 2011, Defendants employed Plaintiff Jose William Recinos Monje to carry out tasks in furtherance of its landscaping and construction business. [See Declaration of Jose William Recinos Monje ("Monje Dec."), annexed hereto as Exhibit "J." ¶ 2).*

For purposes of this motion, Defendants do not dispute paragraph 9 of Plaintiffs' 56.1 Statement of the facts.

10.     *Beginning in 2007 through the present, Defendants employed Plaintiff Juan Castillo to carry out tasks in furtherance of its landscaping and construction business. [See Declaration of Juan Castillo ("Castillo Dec") annexed hereto as Exhibit "K," ¶ 2].*

Defendants dispute paragraph 10 of Plaintiffs' 56.1 statement of the facts. Michael Anthony George ("MAG"), in his affidavit, states that he does not know an employee by the name of Juan Castillo ("JC") who preformed work for him or for any of his companies. MAGA at ¶ 6. MAG also states that he checked all of his companies' records and there is no record of any employee by that name performing any work for any of his companies. Id. Additionally, he states that he questioned other employees

4

regarding JC and was told that they do not know anyone by that name that was employed at his companies. Id. Accordingly, upon information and belief, MAG states that his companies have never employed an employee by that name. Id.

11.     *Beginning in 2005 through December 30, 2011, Defendants employed Plaintiff Jose Maria Munoz Galindo to carry out tasks in furtherance of its landscaping and construction business. [See Declaration of Jose Maria Munoz Galindo ("Munoz Galindo Dec."), annexed hereto as Exhibit "L," ¶ 2].*

For purposes of this motion, Defendants do not dispute paragraph 11 of Plaintiffs' 56.1 Statement of the facts.

12.     *Plaintiffs typically worked six (6) days per week, normally from 7:30 a.m. to at least 5:30 p.m., but were sometimes required to stay as late as 6:30 to 7:00 p.m. [See Ex. E, Alvarez Dep., pg. 42: 14-16; Ex. F, Munoz Dec., ¶¶ 3-5; Ex. G, L. Munoz Dec., ¶¶ 3-5; Ex. H, Galindo Dec., ¶¶ 3-5; Ex. I, Barrera Dec., ¶¶ 3-5; Ex. J, Monje Dec., ¶¶ 3-5; Ex. K, Castillo Dec., ¶¶ 3-5; E. L, Munoz Galindo Dec., ¶¶ 3-5].*

1.     Defendants dispute, in part, paragraph 12 of Plaintiffs' 56.1 statement of the facts. Upon information and belief, JC was never an employed of MAG or any of his companies. MAGA at ¶ 6. Additionally, MAG states that Plaintiffs, Juan Leonel Lopez Juarez ("JJ") and Jorge Mario Ramos Munoz ("JRM"), have never been employed by MAG or any of his companies. MAGA at ¶¶ 4 and 5. Also, Plaintiffs, Carlos Alvarez ("CA") and Carlos Munoz ("CM"), where caught sleeping in the company truck during work hours. MAGA at ¶ 2. Other employees informed MAG they had seen CA and CM sleeping on the job and that CA and CM had not deducted the time from the time that they claimed they had worked. Id. After learning about CM's and

CA's practice of sleeping on the job, and falsifying their time records, MAG terminated their employment. Id. Additionally, Landscaping and construction employees typically work 5 days a week. MAGA at ¶ 9. They are allotted a break time in the morning and break time for lunch. Id.

13.     *Sometimes, the Plaintiffs were required to arrive earlier than 7:30 a.m. in the morning, as early as 6:00a.m. [See Ex. E, Alvarez Dep., pg. 43:9- 17; Ex. F, Munoz Dec., ¶ 4; Ex. G, L. Munoz Dec., ¶ 4; Ex. H, Galindo Dec., ¶ 4; Ex. I, Barrera Dec., ¶ 4; Ex. J, Monje Dec., ¶ 4; Ex. K, Castillo Dec., ¶ 4; Ex. L, Munoz Galindo Dec., ¶ 4).*

In response to paragraph 13 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein at paragraph 12.

14.     *Each day, the Plaintiffs were required to first arrive at Defendants' yard in the morning to clock in. [Ex. E, Alvarez Dep., pg. 44: 17-25, 45: 6-14].*

In response to paragraph 14 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein at paragraph 12.

15.     *Thereafter, the Plaintiffs would receive their assignment for the day and report to the location, typically at buildings or houses throughout Long Island and New York City. [Ex. E, Alvarez Dep., pg. 51: 4-7, 52: 12-25].*

In response to paragraph 15 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein at paragraph 12.

16.     *At the end of their day, the Plaintiffs were required to report back to Defendants' yard in the evening to clock out. [Ex. E, Alvarez Dep., pg. 47: 17-25; 53: 21-25, 54: 1-8].*

In response to paragraph 16 of Plaintiffs' 56.1 statement of the facts, see

Defendants' response herein at paragraph 12.

17.     *Plaintiffs were typically paid in cash. at a flat hourly rate ranging from $8.50 to $25.00 per hour, for every hour worked. [See Ex. E, Alvarez Dep., pg. 99: 9-17; Ex. F, Munoz Dec., ¶ 7; Ex. G, L. Munoz Dec., ¶ 7; Ex. H, Galindo Dec., ¶ 7; Ex. I, Barrera Dec., ¶ 7; Ex. J, Monje Dec., ¶ 7; Ex. K. Castillo Dec. , ¶ 7; Ex. L, Munoz Galindo Dec., ¶ 7].*

In response to paragraph 17 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein at paragraph 12.

18.     *Plaintiffs almost always worked in excess of forty (40) hours per week, and did not receive overtime compensation. [See Ex. E, Alvarez Dep., pg. 125: 5-25; Ex. F, MunozDec., ¶¶ 6-8; Ex. G, L. Munoz Dec., ¶¶ 6-8; Ex. H, Galindo Dec., ¶¶ 6-8; Ex. I, Barrera Dec., ¶¶ 6-8; Ex. J, Monje Dec., ¶¶ 6-8; Ex. K, Castillo Dec., ¶¶ 6-8; Ex. L, Munoz Galindo Dec., ¶¶ 6-8].*

In response to paragraph 18 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein at paragraph 12.

19.     *Further substantiating Plaintiffs' overtime claims, Plaintiff Alvarez testified that "if I work 60 hours and I get paid $8 an hour, you calculate how much it would be and you see that you're not getting any extra money." [Ex. E, Alvarez Dep., pg. 125: 22-25).*

In response to paragraph 19 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein at paragraph 12.

20.     *Most notably, Defendant Michael Anthony George unequivocally testified that the Plaintiffs typically worked from 7:30 a.m. to 5:30 or 6:00 p.m. each day, clearly*

*exceeding forty (40) hours per week. [See May 17, 2012 Deposition of Defendant Michael Anthony George ("George Dep., Vol. II"), annexed hereto as Exhibit "M," at pg. 18: 3-4, 12-14, 24: 22-25, 25: 5-12; see generally, January 27, 2012 Deposition of Michael Anthony George ("George Dep., Vol. I"). annexed hereto as Exhibit "N"].*

In response to paragraph 20 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 12. Additionally, MAG in his Deposition stated that Employees "are supposed to start at 7:30 and end at 5:30." See: Plaintiffs' exhibits at M. pg. 18: 3-4.

21. *Significantly, by Defendant Michael Anthony George's own admission, the Plaintiffs were not paid overtime compensation for the hours worked over forty ( 40) each week. [Ex. M, George Dep., Vol. II, pg. 82: 14-25, 83: 1-8).*

In response to paragraph 21 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 20.

22. *Further, prior to this litigation, the Defendants failed to post a minimum wage poster at the worksite. [Ex. M, George Dep., Vol. II, pg. 61: 11-22].*

For purposes of this motion, Defendants do not dispute paragraph 22 of Plaintiffs' 56.1 statement of the facts.

23. *Defendant George exercised direct control and supervision over the Plaintiffs by setting the schedule. [Ex. E, Alvarez Dep., pg. 45: 20-22].*

In response to paragraph 23 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 20.

24. *Defendant George had complete control over the daily record-keeping. [Ex. M, George Dep., Vol. II, pg. 15: 3-12].*

8

For purposes of this motion, Defendants do not dispute paragraph 24 of Plaintiffs' 56.1 statement of the facts.

25.    *Defendant George handled the hiring and firing of employees. [Ex. N, George Dep. Vol. I, pg. 57:22-25,58: 1-12; Ex. L, George Dep., Vol. II, pg. 76: 10-11].*

For purposes of this motion, Defendants do not dispute paragraph 25 of Plaintiffs' 56.1 statement of the facts.

26.    Defendant George personally prepared the payroll. [Ex. M, George Dep., Vol. II, pg. 43: 24-25; 44: 1-11].

For purposes of this motion, Defendants do not dispute paragraph 26 of Plaintiffs' 56.1 statement of the facts.

27.    Defendant George oversaw the day-to-day operations, often by supervising on the actual sites. [Ex. N, George Dep., Vol. I, pg. 43: 17-25,44: 8-18, 46: 3-12,49: 17-19].

For purposes of this motion, Defendants do not dispute paragraph 27 of Plaintiffs' 56.1 statement of the facts.

28.    Defendant George paid the workers by writing a personal check to himself, and personally distributing the cash proceeds to each worker in an envelope every week. The workers did not receive a payroll receipt. [Ex. M. George Dep., Vol. II, pg. 62: 10-25, 63:1-14].

For purposes of this motion, Defendants do not dispute paragraph 28 of Plaintiffs' 56.1 statement of the facts.

29.    *By their own admissions, Defendants failed to employ any reliable method for recording workers· hours. [See generally Ex. M, George Dep., Vol. II, pg. 18-24].*

The allegations contained in paragraph 29 of Plaintiffs' 56.1 statement of the facts are legal conclusions to which no reply is required.

30.     *Defendant George testified that prior to 2010, instead of using a system for recording when workers would arrive at and leave work, he would instead roughly estimate the hours worked, based on typical workday hours. [Ex. M, George Dep., Vol. II, pg. 17: 25, 18: 1-4; 21: 1-21].*

Defendants dispute, in part, paragraph 30 of Plaintiffs' 56.1 statement of the facts, and respectfully refer the Court to the document cited by Plaintiffs for the best evidence of its content.

31.     *Defendant George further testified about Defendants' sloppy and inconsistent record-keeping techniques. When asked about recording methods, Defendant George recounted that he would record the hours "[O]n a calendar, maybe on a piece of paper that day, something I would write it down on or try to." [Ex. M, George Dep., pg. 21: 25- 22: 1-2].*

Defendants dispute, in part, paragraph 31 of Plaintiffs' 56.1 statement of the facts, and respectfully refer the Court to the document cited by Plaintiffs for the best evidence of its content.

32.     *Defendants cannot substantiate the existence of any of these "records," as they failed to produce any such records during discovery. [See Defendant' Response to Plaintiffs' Set of Pre-Class Certification Document Demands. annexed hereto as Exhibit "O"].*

Defendants dispute, in part, paragraph 32 of Plaintiffs' 56.1 statement of the facts, and respectfully refer the Court to the document cited by Plaintiffs for the best evidence of its content.

33.     Further corroborating Defendants' slipshod and imprecise record-keeping practices, Defendant George further testified that "[the workers] come in the morning at 7:30, and work until 5:30, it's pretty simple... they worked for those times on it, and sometimes they only worked half a day, so we mark down half a day for them, it's not rocket science." [Ex. M, George Dep., Vol. II, pg. 18: 12-21].

Defendants dispute, in part, paragraph 33 of Plaintiffs' 56.1 statement of the facts, and respectfully refer the Court to the document cited by Plaintiffs for the best evidence of its content.

34.     *Although the company began using a time clock after 2010, Defendant George admitted that the time clock did not always work. [Ex. M, George Dep., Vol. 11, pg. 19: 1-9].*

For purposes of this motion, Defendants do not dispute paragraph 34 of Plaintiffs' 56.1 statement of the facts.

35.     *Moreover, Defendants failed to produce any of these purported time clock records. [See generally Ex. M, George Dep., Vol. II, pg. 18-24; Ex. O, Defendants' Responses, with the purported 2008 through 2010 time "records" of Carlos Alvarez annexed as Exhibit "0-1," purported 2008 through 2010 time "records" of Carlos Munoz annexed as Exhibit "0 -2," and purported 2008 through 2010 payroll "records" pertaining to Carlos Munoz and Carlos Alvarez annexed as Exhibit "0-3"].*

Defendants dispute, in part, paragraph 35 of Plaintiffs' 56.1 statement of the facts, and respectfully the Court to the documents cited by Plaintiffs for the best evidence of their content.

36.     *In fact, Defendant George explicitly testified that Defendants failed to maintain any contemporaneous documents that show the amount of hours worked by each worker everyday. (Ex. M, George Dep., Vol. II, pg. 85: 10-15].*

Defendants dispute, in part, paragraph 36 of Plaintiffs' 56.1 statement of the facts, and respectfully refer the Court to the document cited by Plaintiffs for the best evidence of its content.

37.     *Aside from these wage and hour violations, when asked various potentially incriminating questions regarding payment of withholding taxes, use of 1-9 forms, etc., Defendant Michael Anthony George "pled the fifth"' approximately 34 times. [See e.g. Ex. N, George Dep., Vol. I, pg. 64: 23-25, 65:1-9; 65: 14-20; Ex. M, George Dep., Vol. II, pg. 64: 10-19; 65: 5-8; pg. 68: 13-23; 70: 11-25, 71:1 -20; 72: 3-25, 73: 1-23,74: 7-1 3; 74: 25, 75:1-7; pg.78: 16-2 1].*

For purposes of this motion, the statements contained in paragraph 37 of Plaintiffs' 56.1 statement of the facts are irrelevant and vexatious.

38.     *During discovery, Defendants submitted purported payroll "records" allegedly substantiating the hours worked and amounts paid on behalf of the Named Plaintiffs. [Ex. O, Defendants' Responses].*

For purposes of this motion, Defendants do not dispute paragraph 38 of Plaintiffs' 56.1 statement of the facts.

39.     *These "records," however, do not constitute contemporaneous or reliable*

*time records, as mandated by state and federal law. See e.g. 29 CFR § 516.2; 12 NYCRR § 14-2.6(a)(4). [See generally, Ex. M, George Dep., Vol. n, pg. 55-56).*

The allegations contained paragraph 39 of Plaintiffs' 56.1 statement of the facts are legal conclusions to which no reply is required; and respectfully refer the Court to the document cited by Plaintiffs as the best evidence of its content.

40.     *Defendant George testified that the "'records" produced at Exhibit N were not created contemporaneously, and were instead generated solely in response to this lawsuit. [Ex. M, George Dep., Vol. II, pg. 55: 20-25, 56: 1-5).*

For purposes of this motion, Defendants do not dispute paragraph 40 of Plaintiffs' 56.1 statement of the facts.

41.     *Although these records do not reflect the accurate amount of hours worked, they irrefutably show that the Plaintiffs typically worked well over forty (40) hours each week. [Ex. 0-1, time records of Carlos Alvarez; Ex. 0-2, time records of Carlos Munoz].*

Defendants dispute, in part, paragraph 41 of Plaintiffs' 56.1 statement of the facts. Upon information and belief, JC was never an employed of MAG or any of his companies. MAGA at ¶ 6. Additionally, MAG states that Plaintiffs, JJ and JRM, have never been employed by MAG or any of his companies. MAGA at ¶¶ 4 and 5. Also, Plaintiffs, CA and CM, where caught sleeping in the company truck during their work hours. MAGA at ¶ 2. Other employees informed MAG they had seen CA and CM sleeping on the job and that CA and CM had not deducted the time from the time that they claimed they had worked. Id. After learning about CM's and CA's practice of sleeping on the job, and falsifying their time records, MAG terminated their employment.

Id.

42.    *Additionally, Defendants submitted a record of the alleged payments made to the Named Plaintiffs. These records further substantiate that Plaintiffs were paid the same pay rate for all the hours worked in a week, including the hours in excess of forty (40). [See Ex. 0-3, payroll records].*

In response to paragraph 42 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 41.

43.    *As such, Plaintiffs were not paid at the statutorily-mandated rate of one and one-half hours for overtime hours worked. [Ex. 0-3].*

In response to paragraph 43 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 41.

44.    *For instance, according to Defendants' very own records, Plaintiff Alvarez's time entry for the week of April 12, 2010 unquestionably shows that he worked 56.5 hours. [See Ex. 0-1].*

In response to paragraph 43 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 41.

45.    *Defendants· records further show that for the week of April 12. 2010, Plaintiff Alvarez was paid at a flat hourly rate of S10.50 for every hour worked, totaling $593.25, without any overtime compensation for the hours worked over forty. [Ex. 0-3].*

In response to paragraph 45 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 41.

46.    *Further substantiating the amount of overtime hours worked, Defendants' time records pertaining to Plaintiff Munoz from that same week of April 12, 2010 shows*

*that he worked a total 51.50 hours. [See Ex. 0-2].*

In response to paragraph 46 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 41.

47. *Likewise, Defendants' records substantiate that he was paid at a flat hourly rate of $17.00 per hour, for every hour worked, totaling $875.50. [See Ex. 0-3].*

In response to paragraph 47 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 41.

48. *Similarly, Defendants· records show that although Plaintiff Alvarez worked 55.25 hours during the week of June 8, 2009, he was paid at a flat rate of $ 10.50 for every hour worked, totaling $580.13, thus without any overtime compensation. [Ex. 0-1; Ex. 0-3].*

In response to paragraph 48 of Plaintiffs' 56.1 statement of the facts, see Defendants' response herein to paragraph 41.

49. *Most significantly, by Defendant George's very own admission, the payroll compilation at Exhibit O, although deficient, unequivocally exposes Defendants' unlawful scheme of consistently depriving all of their workers of overtime compensation. [Ex. M, George Dep., Vol. II, pg. 85: 17-25, 86: 1-5].*

Paragraph 49 of Plaintiffs' 56.1 statement of the facts contains legal conclusions to which no response is required, however, to the extent a response is required they are denied; and respectfully refer the Court to the document cited by Plaintiffs for the best evidence of its content.

## Additional Facts

1. On or about September 2, 2012, Defendants served Plaintiffs with a Notice To Take Deposition Upon Oral Examination for Carlos Munoz. Joady Benjamin Feiner Declaration at ¶ 3. Plaintiffs' counsel informed Defendants' counsel that Mr. Munoz had been deported and would not be available to appear for a deposition, or available to appear at trial. To date, Plaintiffs have failed to produce Mr. Munoz. Id.

2. On Friday, December 30, 2011, Lenard Munoz ("LM"), Jose William Recinos Monje ("JM"), Jose Vidal Munoz Galindo ("JG") and Ruben Barrera ("RB") approached MAG in the morning at the yard at 405 Main Street in Port Washington, New York. MAGA at ¶ 3. They told MAG that they would drop the lawsuit against his company and him if he paid them off. Plaintiffs approached MAG; he did not asked to talk to them about the lawsuit. Id. MAG was surprised that Plaintiffs were talking to him about the lawsuit. Id. MAG told them that I did not believe that he owed them any money, but inquired as to how much they wanted to drop the lawsuit. Id. Plaintiffs told him that they would discuss it and let me know how much they wanted. Id. LM, JM, JG and RB were scheduled to work for MAG that day and he asked them if they were going to go the assigned job site and work for the day. Id. Plaintiffs informed MAG that they had decided that they were not going to work and left the yard. Id. The following Monday Plaintiffs again failed to come to work. As a result of Plaintiffs' actions of refusing to work, MAG lost money and I was forced to delay work that was scheduled to be completed for his clients. Id. LM, JM, JG and RB never attempted to return to work or contacted MAG again regarding this lawsuit. Id.

Dated: Sea Cliff, New York
        November 23, 2012

                                    Respectfully Submitted,

                                    Joady Benjamin Feiner, Esq.
                                    Attorney for Plaintiff
                                    223 Glen Cove Avenue
                                    Sea Cliff, NY 11579
                                    (516) 319-5154

                                By: _____
                                    JOADY BENJAMIN FEINER (JF9766)


TO:    Virginia & Ambinder, LLP
       Lloyd R. Ambinder
       Suzanne B. Leeds
       Trinity Centre
       111Broadway
       New York, NY 10006

       Leeds Brown Law PC
       Jeffrey K. Brown
       One Old Country
       Carle Place, NY 11514