UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARLOS ALVAREZ and CARLOS MUNOZ, individually and on behalf of all other persons similarly situated who were employed by MICHAEL ANTHONY GEORGE CONSTRUCTION CORP., MICHAEL ANTHONY GEORGE NURSERY INC., MICHAEL ANTHONY GEORGE, LTD., MICHAEL ANTHONY GEORGE, and/or any other entities affiliated with or controlled by MICHAEL ANTHONY GEORGE and/or MICHAEL ANTHONY GEORGE CONSTRUCTION CORP.,

Docket No. 11-cv-1012
(DRH)(AKT)

Plaintiffs,

- against -

MICHAEL ANTHONY GEORGE CONSTRUCTION CORP.; MICHAEL ANTHONY GEORGE NURSERY INC.; MICHAEL ANTHONY GEORGE, LTD.; MICHAEL ANTHONY GEORGE; and/or any other entities affiliated with or controlled by MICHAEL ANTHONY GEORGE and/or MICHAEL ANTHONY GEORGE CONSTRUCTION CORP.,

Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Joady Benjamin Feiner, Esq.
223 Glen Cove Avenue
Sea Cliff, NY 11579
(516) 319-5154

# TABLE OF CONTENTS

                                                                                                                                    <u>Page</u>

PRELIMINARY STATEMENT..................................................................1

STATEMENT OF THE FACTS................................................................1

ARGUMENT
STANDARD OF REVIEW.......................................................................1

POINT I
Plaintiffs Have Failed to Meet Their Burden of Proof............................2

    A. Plaintiffs' Exhibits are Inadmissible............................................3

    B. Plaintiffs' Declarations Are Inadmissible....................................3

    C. Plaintiffs Failed to Submit Any Evidence Regarding
        Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz..........4

POINT II
Genuine Issues of Material Fact..............................................................5

    A. The Credibility of Plaintiffs Should be
        Decided by the Jury....................................................................5

    B. Carlos Alvarez and Carlos Munoz's Credibility
        is a Question for the Jury............................................................6

    C. Lenard Munoz, Jose William Recinos Monje,
        Jose Vidal Munoz Galindo and Ruben Barrera's
        Credibility is a Question for the Jury..........................................7

    D. Juan Castillo's Credibility is a Question for the Jury..................8

POINT III
Records Violation Claims..................................................................8

    A. Plaintiffs have Failed to Prove That Defendants' Willfully
       Violated the FSLA and/or the NYCRR..............................9

    B. Plaintiffs Motion for a Finding Regarding a Violation
       of Record-Keeping Obligations is Premature........................10

CONCLUSION................................................................................10

# TABLE OF AUTHORITIES

Cases:

Tomika v. Seiler Corp.,
66 F.3d 1295, 1304 (2d. Cir. 1995)..............................................................................1

Knight v. United States Fire Insurance Co.,
804 F.2d 9, 11(2d Cir. 1986).......................................................................................1

Anderson v. Liberty Lobby Inc.,
477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed.2d 202 (1986).......................................1

Gallo v. Prudential Residential Services Limited Partnership,
22 F.3d 12191224 (2d Cir. 1994)................................................................................1

Adickes V. S.H. Kress & Co.,
398 U.S. 144, 157, 90 S.Ct. 1598, L.Ed.2d 142 (1970)..............................................2

Gummo v. Village of Depew,
75 F.3d 98, 107 (2d Cir. 1996)....................................................................................2

Chambers v. TRM Copy Center Corp.,
43 F.3d 29, 36 (2d Cir. 1994)......................................................................................2

Anderson v. Mt. Clemens Pottery Co.,
328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)............................................2

Tho Dinh Tran v. Alphonse Hotel Corp.,
281 F.3d 23, 31-32 (2d Cir.2002)................................................................................2

Doo Nam Yang v. ACBL Corp.,
427 F.Supp.2d 327, 335 (S.D.N.Y.2005)....................................................................2

Spears V. City of New York,
2012 WL 4793541 at foot note 2, (E.D.N.Y. 2012)....................................................3

Quintero v. Rite Aid of N.Y., Inc.
09 Civ. 6084, 2011 WL 5529818 at *19 (S.D.N.Y. 2011).........................................4

Major v. Astrazeneca, Inc.,
No. 5:01-CV-618, 2006 WL 2640622 at *5-*6 (N.D.N.Y. 2006)..............................4

Rivera v. Ndola Pharm. Corp.,
(E.D.N.Y. 2007)..........................................................................................................5

Hayes v. N.Y. City Dep't of Corrections,
84 F.3d 614, 620 (2d Cir.1996)..................................................................5

Azrielli v. Cohen Law Offices,
21 F.3d 512, 517 (2d Cir.1994)..................................................................5

Perma Research & Dev. Co. v. Singer Co.,
410 F.2d 572, 578 (2d Cir.1969)................................................................6

Young v. Cooper Cameron Corp.,
586 F.3d 201, 207 (2d Cir. 2009)...............................................................9

Monterossa v. Martinez Restaurant Corp.,
2012 WL 3890212, *6, (S.D.N.Y. 2012)....................................................9

Berrios v. Nicholas Zito Racing Stable, Inc.,
849 F.Supp.2d 372, 391 (E.D.N.Y. 2012).................................................9

Kaur v. Royal Arcadia Palace, Inc.,
643 F.Supp.2d 276, 294–95 (E.D.N.Y.2007)............................................9

Edwards v. City of New York,
2011 WL 3837130, at *5 (S.D.N.Y. 2011)................................................9

Clarke v. JPMorgan Chase Bank,
2010 WL 1379778, at *10 (S.D.N.Y. 2010)..............................................9

Chao v. Vidtape, Inc., 196 F. Supp. 2d 281, 293 (E.D.N.Y. 2002)......................10

Statutes, Rules and Regulations:

29 U.S.C. § 207.............................................................................................1

12 NYCRR § 142-2.2....................................................................................1

Rule 56 of the Federal Rules of Civil Procedure.............................................1

28 U.S.C. § 1746...........................................................................................3

29 U.S.C. § 255(a).........................................................................................8

## PRELIMINARY STATEMENT

Defendants, Michael Anthony George Construction Corp., Michael Anthony George Nursery, Inc., Michael Anthony George Ltd., and Michael Anthony George (collectively "the Defendants"), by and through their attorney, Joady Benjamin Feiner, submit this memorandum of law in opposition of the Motion for Summary Judgment filed by Plaintiffs.

This action was commenced by Plaintiffs alleging Defendants violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207 and 12 New York Codes, Rules and Regulations ("NYCRR") § 142-2.2 by not properly compensating Plaintiffs for overtime worked. Plaintiffs' Motion For Summary Judgment seeks partial judgment as to liability only.

## STATEMENT OF THE FACTS

For an in-depth statement of facts, Defendants respectfully refer this Court to Defendants' Counter -56.1 Statement of Facts, par. 1 through 49, as well as additional facts set forth in Defendants' Par. 1 and 2 of the Counter Statement of the Facts. However, additional salient facts and evidence disputing Plaintiffs' proposed version of the events are set forth in the proceeding Argument Section.

## ARGUMENT
## STANDARD OF REVIEW

"A motion for summary judgment may be granted only when there is no genuine issues of material fact remaining for trial and the moving party in entitled to judgment as a matter of law." Tomika v. Seiler Corp., 66 F.3d 1295, 1304 (2d. Cir. 1995). The role of the court on such a motion "is not to resolve the disputed issues of fact, but to assess whether there are any factual issues to be tried." Knight v. United States Fire Insurance Co., 804 F.2d 9, 11(2d Cir. 1986); *(citing* Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986); *see also* Gallo v. Prudential Residential Services Limited Partnership, 22 F.3d 1219,

1

1224 (2d Cir. 1994). The burden on showing the absence of a factual dispute rests on the party seeking summary judgment. *See* Adickes V. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, L.Ed.2d 142 (1970); Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

In assessing the record to determine whether there is a genuine issue of material fact, the Court must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. Chambers v. TRM Copy Center Corp., 43 F.3d 29, 36 (2d Cir. 1994)(*citations omitted*). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Id.* at 37.

In the instant matter, Plaintiffs' have failed to meet their burden of showing that there are no issues of material fact.

## POINT I
### Plaintiffs Have Failed to Meet Their Burden of Proof

Plaintiffs' have failed to proffer admissible evidence demonstrating that the Defendants have violated any law, statute or act. The Court has ruled that in FLSA cases, where an employee has brought an action for unpaid overtime compensation, the employee "has the burden of proving that he performed work for which he was not properly compensated." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). Where the Court determines the employer's records are inaccurate or inadequate, the employee may meet this burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31-32 (2d Cir.2002). An employee may meet this burden by relying solely on his or her recollection. Doo Nam Yang v. ACBL Corp., 427 F.Supp.2d 327, 335 (S.D.N.Y.2005).

2

## A. Plaintiffs' Exhibits are Inadmissible

Plaintiffs have attached exhibits A through O to their Motion for Summary Judgment. However, they have failed to attach an affidavit or attorney declaration or affirmation attesting to the exhibits. The Court has stated that when making a summary judgment motion:

> Under this court's local rules, any party supporting or opposing a motion may file 'affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.' Local Rule 7.1(a)(3), (b). There is no provision for filing freestanding exhibits unmoored to an affidavit or declaration made on personal knowledge. *See:* Fed.R.Civ.P. 56(c)(4).

Spears V. City of New York, 2012 WL 4793541 at footnote 2, (E.D.N.Y. 2012).

Accordingly, Defendants' exhibits are inadmissible and the Court should not take them into consideration regarding this motion.

## B. Plaintiffs' Declarations Are Inadmissible

Additionally, Plaintiffs provide what they purport to be declarations from Carlos Munoz ("CM") (Plaintiff's Ex. F), Lenard Munoz ("LM") (Id. G), Jose Vidal Munoz Galindo ("JG") (Id. H), Ruben Barrera ("RB") (Id. I), Jose William Recinos Monje (JM") (Id. J), Juan Castillo ("JC") (Id. K), and Jose Maria Munoz Galindo ("JMG") (Id. L). Plaintiffs' declarations are unsworn, not notarized and not dated. Pursuant to § 1746. Unsworn declarations under penalty of perjury:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by

3

> him, as true under penalty of perjury, and dated, in substantially the following form:
>
> ...
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

The Court has ruled that for purposes of a summary judgment an:

> unsworn declaration made under the penalty of perjury has the same evidentiary weight as an affidavit if it includes language in substantially the same form as "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct" followed by a signature and date of execution. (Emphasis added).

Quintero v. Rite Aid of N.Y., Inc., 09 Civ. 6084, 2011 WL 5529818 at *19 (S.D.N.Y. 2011)

All of Plaintiffs' (CM, LM, JG, RB, JM, JC and JMG) declarations are not dated. The Court has stated that a declaration that is not dated does not comply with the statute and is inadmissible. Major v. Astrazeneca, Inc., No. 5:01-CV-618, 2006 WL 2640622 at *5-*6 (N.D.N.Y. 2006). Because Plaintiffs have failed to produce any other evidence regarding CM, LM, JG, RB, JM, JC or JMG's work hours, summary judgment as to these individuals must be denied.

### C. Plaintiffs Failed to Submit Any Evidence Regarding Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz

Additionally, Plaintiffs, in the opening paragraph of their Rule 56.1 statement of the facts, include Juan Leonel Lopez Juarez ("JJ") and Jorge Mario Ramos Munoz ("JRM") as part of what they term collectively as "Plaintiffs." However, Plaintiffs fail to include any declaration, affidavit, transcript testimony or any other evidence indicating that these individuals actually worked for Defendants. Additionally, Defendant Michael Anthony George ("MAG") asserts that he does not know an employee by the name of JJ or JRM who preformed work for him or for any of his companies. Michael Anthony George Affidavit annexed to Declaration of Joady Benjamin

Feiner at Ex. 2 ("MAGA") at ¶¶ 4 and 5. MAG also asserts that he checked all of his companies' records and there is no record of any employee by that name performing any work for any of his companies. Id. Additionally, he avers that he questioned other employees regarding JJ or JRM and was told that they did not know anyone by those names that had been employed at his companies. Id. Accordingly, as Plaintiffs have filed to produce any evidence that JJ or JRM ever worked for Defendants, summary judgment as to these individuals must be denied.

## POINT II
## Genuine Issue of Material Fact

A genuine issue of material fact in dispute that precludes summary judgment as a matter of law is Plaintiffs' assertion that they worked overtime for Defendants. In the instant case, Plaintiffs have failed to proffer any clear admissible evidence showing the amount and extent of work that they allegedly preformed for Defendants.

### A. The Credibility of Plaintiffs Should be Decided by the Jury

In cases where Defendant has moved for summary judgment, the Court has held that an employee's testimony alone may be insufficient to survive a summary judgment motion if the employee's credibility is in question. Rivera v. Ndola Pharm. Corp., 497 F.Supp.2d 381, 393 (E.D.N.Y. 2007). In the instant action, to survive a motion for summary judgment, Defendants need only show that there is an issue as to Plaintiffs' credibility regarding whether they actually worked for the defendants and/or worked overtime for the Defendants. Regarding this assessment, the Court should not weigh evidence or assess the credibility of witnesses. Hayes v. N.Y. City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir.1996). These determinations are within the sole province of the jury. Azrielli v. Cohen Law Offices, 21 F.3d 512, 517 (2d Cir.1994).

5

**B.   Carlos Alvarez and Carlos Munoz's Credibility is a Question for the Jury.**

Plaintiffs, Carlos Alvarez ("CA") and Carlos Munoz ("CM") claim that they constantly worked over 40 hours in a week. See: Plaintiffs 56.1 Statement at ¶18. However in early October of 2011, Defendant, MAG, received a telephone call from one of his customers regarding CA and CM. See Defendants' Counter Statement of the Facts ("DCSF") at ¶ 12. The customer informed MAG that CA and CM where sleeping in the company truck during work hours. Id. Other employees informed MAG they had seen CA and CM sleeping on the job and that CA and CM had not deducted the time from the time that they claimed they had worked. Id. After learning about CM's and CA's practice of sleeping on the job and falsifying their time records, MAG terminated their employment. Id. Accordingly, CA and CM claim regarding the hours they actually worked is a material fact that is at issue, which should be decided by a jury.

Additionally, on or about September 2, 2012, Defendants served Plaintiffs with a Notice To Take Deposition Upon Oral Examination for Carlos Munoz. DCSF at ¶ 50. Plaintiffs' counsel informed Defendants' counsel that CM had been deported and would not be available to appear for a deposition, or available to appear at trial. To date, Plaintiffs have failed to produce CM. Id. The court has rule that "a deposition of a witness, subject to cross-examination, is generally more reliable than an affidavit." Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir.1969). Defendants have been precluded from deposing CM, and allowing his purported declaration instead would severely prejudice Defendants' case. Defendant, MAG, has been deposed by the Plaintiffs and has also provided an affidavit, which corroborates his statements. Accordingly, the Court should disregard CM's purported declaration and give credit to the statements made by MAG in his affidavit and deposition, which call into question Plaintiffs' assertion of the hours that CM worked.

6

### C. Lenard Munoz, Jose William Recinos Monje, Jose Vidal Munoz Galindo and Ruben Barrera's Credibility is a Question for the Jury.

Also, on Friday, December 30, 2011, Lenard Munoz ("LM"), Jose William Recinos Monje ("JM"), Jose Vidal Munoz Galindo ("JG"), and Ruben Barrera ("RB") approached MAG in the morning at the yard at 405 Main Street in Port Washington, New York. DCSF at ¶ 51. They told MAG that they would drop the lawsuit against his company and him if he paid them to do so. Plaintiffs approached MAG; he did not asked to talk to them about the lawsuit. Id. MAG was surprised that Plaintiffs were talking to him about the lawsuit. Id. While MAG told them that he did not owed them any money, he, in response to their inquiry, asked them how much they wanted to drop the lawsuit. Id. Plaintiffs told him that they would discuss it and let him know how much they wanted. Id. LM, JM, JG and RB were scheduled to work for MAG that day, and he asked them if they were going to go the assigned job site and work for the day. Id. Plaintiffs informed MAG that they had decided that they were not going to work and left the yard. Id.

The following Monday Plaintiffs again failed to come to work. As a result of Plaintiffs' actions of refusing to work, MAG lost money and was forced to delay work that was scheduled to be completed for his clients. Id. LM, JM, JG and RB never returned to work or further contacted MAG again regarding this lawsuit. Id.

LM, JM, JG and RB actions of attempting to extract money from MAG, by telling him that they would drop the lawsuit if they were paid off certainly has probative value as to their credibility. Accordingly, the Court should deny summary judgment as to these Plaintiffs and allow the Jury to hear these statements and make a determination as to Plaintiffs' credibility.

**D.      Juan Castillo's Credibility is a Question for the Jury.**

As delineated above, Plaintiff's purported declaration for JC is inadmissible because it is not dated. However, assuming, *arguendo*, that it is admissible, the Court should still deny Plaintiffs' Summary Judgment Motion as to this Plaintiff. MAG, in his in his affidavit, asserts that he does not know an employee by the name of JC who preformed work for him or for any of his companies. DCSF at ¶ 10. MAG also assert that he checked all of his companies' records and there is no record of any employee by that name performing any work for any of his companies. Id. Additionally, he states that he questioned other employees regarding JC and was told that they do not know anyone by that name that was employed at his companies. Id. Accordingly, upon information and belief, MAG asserts that his companies have never employed an employee by that name. Id.

Plaintiff bares the burden of proving that he is an actual employee of the company. JC's self-serving statements in his undated declaration are not enough to meet this burden; especially in light of MAG's statement that no Individual by that name has ever been employed by any of his companies or him. Accordingly, the court should deny summary judgment as to this Plaintiff.

## POINT III
### Records Violation Claims

Plaintiffs are seeking a ruling from the Court stating that Defendants' willfully violated the FLSA and NYCRR by allegedly failing to pay the Plaintiffs' overtime. Plaintiffs' Memorandum of Law ("PMOL") at p. 3 and 4. In an action, regarding the federal wage and hour laws, the FLSA has a two-year statute of limitations from the date the cause of action accrues, unless the FLSA violation was willful, in which case a three-year statute of limitation applies. 29 U.S.C. § 255(a).

**B.   Plaintiffs Motion for a Finding Regarding a Violation of Record-Keeping Obligations is Premature**

Plaintiffs are requesting that the Court find as a matter of law that Defendants have violated its FLSA and NYCRR record-keeping obligations. See PMOL at p. 5. This request is premature because the sufficiency of Defendant's records is relevant only to Plaintiffs' burden of proof in establishing damages. The Court in Chao v. Vidtape, Inc., 196 F. Supp. 2d 281, 293 (E.D.N.Y. 2002) held that when "an employer fails to keep records in conformity with his statutory duty, the Supreme Court has set forth a burden shifting analysis for calculating the amount of uncompensated work." In the instant motion, Plaintiffs only request a determination with respect to liability. To the extent the Court finds the Defendants liable will determine whether there will be a damages phase. Accordingly, any determination about Defendants' violation of the state and federal reporting requirements is only applicable for proving damages and should be deferred until that stage, if necessary, of the litigation.

## CONCLUSION

In light of evidence presented, numerous genuine issues of material fact remain in dispute. As such, Plaintiffs' motion for Summary Judgment must be denied.

Dated: Sea Cliff, New York
November 23, 2012

Respectfully Submitted,

Joady Benjamin Feiner, Esq.
Attorney for Plaintiff
223 Glen Cove Avenue
Sea Cliff, NY 11579
(516) 319-5154

By: _____
JOADY BENJAMIN FEINER (JF9766)