UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CARLOS ALVAREZ and CARLOS MUNOZ, individually
and on behalf of all other persons similarly situated who
were employed by MICHAEL ANTHONY GEORGE
CONSTRUCTION CORP., MICHAEL ANTHONY
GEORGE NURSERY INC., MICHAEL ANTHONY
GEORGE, LTD., MICHAEL ANTHONY GEORGE,
and/or any other entities affiliated with or controlled
by MICHAEL ANTHONY GEORGE and/or MICHAEL
ANTHONY GEORGE CONSTRUCTION CORP.,

       Plaintiffs,

  -against-            **MEMORANDUM & ORDER**
                     **11 CV 1012 (DRH)(AKT)**

MICHAEL ANTHONY GEORGE CONSTRUCTION
CORP., MICHAEL ANTHONY GEORGE NURSERY
INC., MICHAEL ANTHONY GEORGE, LTD.,
MICHAEL ANTHONY GEORGE, and/or any other entities
affiliated with or controlled by MICHAEL ANTHONY
GEORGE and/or MICHAEL ANTHONY GEORGE
CONSTRUCTION CORP.,

       Defendants.
-----------------------------------------------------------------------X

**APPEARANCES:**

**JOADY BENJAMIN FEINER, ESQ.**
Attorney for Plaintiff
223 Glen Cove Avenue
Sea Cliff, New York 11579

**VIRGINIA & AMBINDER, LLP**
Attorneys for Defendants
111 Broadway, Suite 1403
New York, New York 100006
By: Lloyd R. Ambinder, Esq.
 Suzanne B. Leeds, Esq.

**LEEDS BROWN LAW, P.C.**
Attorneys for Defendants
1 Old Country Road
Carle Place, New York 11514
By: Jeffrey K. Brown, Esq.
 Jessica L. Parada, Esq.

**HURLEY, Senior District Judge:**

Plaintiffs Carlos Alvarez and Carlos Munoz, and opt-in plaintiffs Leandro Munoz, Jose Vidal Munoz Galindo, Jose Maria Munoz Galindo, Juan Leonel Lopez Juarez, Ruben Barrera, Jorge Mario Ramos Munoz, Jose William Recinos Monje, and Juan M. Castillo (collectively, "Plaintiffs"), brought this action claiming violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 215(a)(3) and 216(b), New York Labor Law ("Labor Law") §§ 190 et seq., 215(1)(a), 652 and 663, and New York Code of Rules and Regulations ("NYCRR") §§ 142-2.2 and 142-2.4. Plaintiffs allege that defendants Michael Anthony George Construction Corp. ("George Construction"), Michael Anthony George Nursery Inc. ("George Nursery"), Michael Anthony George, Ltd. ("George Ltd."), Michael Anthony George ("George"), and/or any other entities affiliated with or controlled by George and/or George Construction (collectively, "Defendants"), failed to pay them the applicable overtime and spread of hours pay required by law, and retaliated against them for exercising their rights under the FLSA. Presently before the Court is Plaintiffs' motion for partial summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part.

*BACKGROUND*

The material facts, drawn from the Amended Complaint and the parties' Local Civil Rule 56.1 Statements, are undisputed unless otherwise noted.

George Construction, George Nursery and George Ltd. are landscaping and construction businesses incorporated under the Laws of the State of New York. "[I]n or about March 2004 through November 2010, Defendants employed . . . Carlos Alvarez to carry out tasks in furtherance

of [their] landscaping and construction business[es]." (Pls.' R. 56.1 Stmt. ¶ 4.) "[I]n or about 2005 through December of 2011, Defendants employed . . . Carlos Munoz to carry out tasks in furtherance of [their] landscaping and construction business[es]." (*Id.* ¶ 5.) "[I]n or about March of 1996 through December 30, 2011, Defendants employed . . . Leandro Munoz to carry out tasks in furtherance of [their] landscaping and construction business[es]." (*Id.* ¶ 6.) While Plaintiffs state that "in or about 2005 through December 30, 2011, Defendants employed . . . Jose Vidal Munoz Galindo to carry out tasks in furtherance of [their] landscaping and construction business[es]," (*id.* ¶ 6), Defendants state that Jose Vidal Munoz Galindo began his employment with Defendants in or about the beginning of 2005, but was not employed with Defendants for a time period between 2005 and 2008. (Defs.' R. 56.1 Counterstmt. ¶ 7.) It is undisputed that "in or about 2005 through December of 2011, Defendants employed . . . Ruben Barrera to carry out tasks in furtherance of [their] landscaping and construction business[es]." (Pls.' R. 56.1 Stmt. ¶ 8.) "[I]n or about 2006 through May or June of 2011, Defendants employed . . . Jose William Recinos Monje to carry out tasks in furtherance of [their] landscaping and construction business[es]." (*Id.* ¶ 9.) "[I]n 2005 through December 30, 2011, Defendants employed . . . Jose Maria Munoz Galindo to carry out tasks in furtherance of [their] landscaping and construction business[es]." (*Id.* ¶ 11.) While Plaintiffs assert that "in 2007 through the present, Defendants employed . . . Juan Castillo to carry out tasks in furtherance of [their] landscaping and construction business[es]," (*id.* ¶ 10), Defendants argue that George averred in his affidavit, submitted in opposition to summary judgment, "that he does not know an employee by the name of Juan Castillo . . . who [performed] work for him or for any of his companies," George "checked all of his companies' records and there is no record of any employee by that name performing any work for

any of his companies," George's employees told George that they did "not know anyone by that name [who] was employed at his companies," and, upon information and belief, George's "companies have never employed an employee by that name." (Defs.' R. 56.1 Counterstmt. ¶ 10.) Defendants also assert that neither Juan Leonel Lopez Juarez nor Jorge Mario Ramos Munoz were employed by George or his companies. (*Id.* ¶ 12.)[1]

According to Plaintiffs, they typically worked six days per week, from 7:30 a.m. until 5:30 p.m., but occasionally worked as late as 6:30 or 7:00 p.m. or came in as early as 6:00 a.m. (Pls.' R. 56.1 Stmt. ¶¶ 12, 13.) However, Defendants assert that the employees typically worked five days per week, and that Carlos Alvarez and Carlos Munoz "were caught sleeping in company trucks during work hours." (Defs.' R. 56.1 Counterstmt. ¶ 12.) In addition, Defendants assert that the employees were allotted breaks during the morning and for lunch time. (*Id.*)

Plaintiffs assert that they "were typically paid in cash, at a flat hourly rate ranging from $8.50 to $25.00 per hour, for every hour worked." (Pls.' R. 56.1 Stmt. ¶ 17.) In addition, Plaintiffs assert that they "almost always worked in excess of forty (40) hours per week, and did not receive overtime compensation." (*Id.* ¶ 18.)

George was responsible for hiring and firing the employees, and he "oversaw the day-to-day operations, often by supervising on the actual sites." (*Id.* ¶ 27.) In addition, George controlled the daily record keeping and prepared the payroll. The workers were paid by George, who wrote personal checks to himself and then distributed the cash proceeds to the workers in envelopes each week. According to Plaintiffs, "Defendants failed to employ any reliable method for recording

---

[1] Defendants' Rule 56 Counterstatement of Facts contains a typographical error in that it improperly numbers counterstatement 12 as "1."

4

workers['] hours." (*Id.* ¶ 29.) Nevertheless, it is undisputed that "Defendants submitted purported payroll 'records' allegedly substantiating the hours worked and amounts paid on behalf of the [n]amed Plaintiffs." (*Id.* ¶ 38.) It is further undisputed that George testified that the payroll records produced by Defendants "were not created contemporaneously, and were instead generated solely in response to this lawsuit." (*Id.* ¶ 40.)

## DISCUSSION

### I. *Summary Judgment Standard*

Summary judgment pursuant to Rule 56 is appropriate only where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. &*

*Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252) (internal quotation marks omitted), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)) (internal quotation marks omitted), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the "evidentiary burdens that the respective parties will bear at trial guide district courts in their determination[s] of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). "[W]here the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.' " *Id.* at 211 (citing *Matsushita*, 475 U.S. at 587).

## II. PLAINTIFFS' OVERTIME CLAIMS

Plaintiffs seek partial summary judgment "as to Defendants' liability." (Pls.' Mem. in Support at 3.) According to Plaintiffs, "[w]hile the precise amount of damages may be uncertain, there is *no question* that Defendants[] . . . depriv[ed] workers who routinely labored well over forty

hours per week of overtime." (*Id.*)

### A. *FLSA Overtime Claim*

The FLSA's maximum hours rule provides, in pertinent part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Thus, the FLSA's overtime provisions "apply only to employees who (1) are personally engaged in interstate commerce or in the production of goods for interstate commerce ('individual coverage') or (2) are employed by an enterprise that is engaged in interstate commerce or in the production of goods for interstate commerce ('enterprise coverage')." *Marin v. JMP Restoration Corp.*, 2012 WL 4369748, at *3 (E.D.N.Y. Aug. 24, 2012), report and recommendation adopted in part, 2012 WL 4364671 (E.D.N.Y. Sept. 24, 2012); *see also Apolinar v. Global Deli & Grorcery, Inc.*, 2013 WL 5408122, at *5 (E.D.N.Y. Sept. 25, 2013) (stating that the "[d]efendants' . . . engag[ing] in interstate commerce[ is] a requirement for FLSA liability"); *D'Arpa v. Runway Towing Corp.*, 2013 WL 3010810, at *13 (E.D.N.Y. June 18, 2013) ("Only those employees who are 'engaged in commerce or in the production of goods for commerce,' or who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce' may seek recovery under the FLSA's overtime and minimum wage provisions." (quoting 29 U.S.C. §§ 206(a), 207(a)(1))).

Plaintiffs' motion for summary judgment on the issue of liability for their FLSA overtime

7

claim is denied because Plaintiffs have not put forth undisputed facts to establish that Defendants were engaged in interstate commerce. In fact, Plaintiffs' summary judgment papers do not address this element of their claim whatsoever. While Plaintiffs generally allege in the Amended Complaint that "Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce," and that "[u]pon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000," (Am. Compl. ¶¶ 15, 16), these allegations alone are insufficient to establish individual or enterprise coverage. *See Marin*, 2012 WL 4369748, at *3. Accordingly, summary judgment is precluded on Plaintiffs' FLSA overtime claim.

### B. *State Law Overtime Claim*

12 NYCRR §142-2.2 provides, in pertinent part, that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate." Although "the [Labor Law] provisions themselves do not include a violation as to overtime wages[,] . . . [Labor Law] § 653 confers power upon the Commissioner of Labor and the wage board to recommend regulations with respect to, *inter alia*, overtime rates. . . . Under this authority, the Commissioner has issued . . . wage order, 12 N.Y.C.R.R. § 142-2.2." *Eschmann v. White Plains Crane Serv., Inc.*, 2014 WL 1224247, at *3 n.3 (E.D.N.Y. March 24, 2014) (citing N.Y. Lab. Law § 655(5)(b)). The Labor Law further provides that an employee who is paid "less than the wage to which he . . . is entitled under the provisions of this article" shall recover the underpayments as well as other costs and awards. N.Y. Lab. Law § 663(1); *see also Eschmann,* 2014 WL 1224247, at *3.

The Labor Law "is the state analogue to the federal FLSA." *Santillan v. Henao*, 822 F.

Supp. 2d 284, 292 (E.D.N.Y. 2011). Courts apply the same analysis for FLSA and Labor Law overtime claims, *Iaria v. Metro Fuel Oil Corp.*, 2009 WL 222373, at *1 n.2 (E.D.N.Y. Jan. 30, 2009), except that, "[u]nlike the FLSA, . . . the state statute does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of annual sales." *Chun Jie Yin v. Kim*, 2008 WL 906736, at *4 (E.D.N.Y. April 1, 2008). "To establish liability under the . . . [Labor Law] on a claim for unpaid overtime, a plaintiff must prove that he 'performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work.' " *Eschmann*, 2014 WL 1224247, at *4 (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011)). At the summary judgment stage, "if an employer's records are inaccurate or inadequate, an employee need only present 'sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference.' " *Kuebel*, 643 F.3d at 362 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C.Cir. 1972)). Once the plaintiff has done so, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens*, 328 U.S. at 687-88.

### 1. *Plaintiffs' Evidence*

Plaintiffs present evidence of (1) employee testimony, (2) George's admissions, and (3) Defendants' payroll records, which they assert "conclusively establishes that Plaintiffs performed work in excess of forty hours per week, without payment of proper overtime compensation, in

violation of state and federal law."² (Pls.' Mem. in Support at 8.) Specifically, Carlos Alvarez testified at his deposition that he worked "[s]ix days per week," from 6:00 or 7:30 a.m. until 5:30, 6:00 or 6:30 p.m. (*Id.*; *see also* Deposition of Carlos Alvarez, dated Dec. 9, 2011 ("Alvarez Dep.") at 42, 43, 74.) In addition, Plaintiffs present evidence that "Defendant George testified that Plaintiffs' typical workday would range from 7:30 a.m. until 5:30 or 6:00 p.m., thus clearly exceeding 40 hours per week." (Pls.' Mem. in Support at 8; *see also* Deposition of Michael Anthony George, dated May 17, 2012 ("George Dep.") at 18, 24.) Finally, Plaintiffs present evidence of "Defendants' *own payroll records*," which Plaintiffs claim "clearly demonstrate that Plaintiffs worked *well* in excess of forty hours per week." (Pls.' Mem. in Support at 8; *see also* Defendants' Response to Plaintiffs' Set of Pre-Class Certification Document Demands dated Sept. 26, 2011 and the exhibits annexed thereto ("Pls.' Exh. O").)

### 2. *Defendants' Arguments*

Defendants argue that the Court should not consider the exhibits Plaintiffs attached to their motion because the exhibits were not annexed to an affidavit or affirmation attesting to the exhibits.

---

² Although Plaintiffs submit Defendants' payroll records as evidence in support of their claims of unpaid overtime, Plaintiffs argue that Defendants' payroll records are "statutorily inadequate" because they were not maintained contemporaneously and accurately. (Pls.' Mem. in Support at 8-10.) For example, Plaintiffs point to George's testimony in which he said "he would record the hours '[o]n a calendar, maybe on a piece of paper that day, something [he] would write it down on or try to.' " (*Id.* at 10 (quoting George Dep. at 21-22).) The inadequacy of an employer's records presents a problem when an employee may not "easily discharge his burden" of proving the nature and amount of work performed by "securing the production" of the employer's records. *Mt. Clemens*, 328 U.S. at 686-87. Thus, "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," the employee's burden of proof is reduced, and he is required merely to "prove[] that he has in fact performed work for which he was improperly compensated and . . . produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687. In this case, Defendants' payroll records, even if inadequately maintained, assist Plaintiffs in establishing Defendants' liability for purposes of this motion, i.e., that Plaintiffs worked more than 40 hours in certain work weeks without being paid overtime compensation. Plaintiffs may nevertheless challenge the accuracy of Defendants' payroll records when they seek to establish damages.

(Defs.' Mem. in Opp'n. at 3.)  Nonetheless, Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact." Therefore, because Defendants challenge only Plaintiffs' failure to attach the exhibits to an affidavit or affirmation, rather than the content of the exhibits, and because Plaintiffs submitted upon reply the Declaration of Suzanne B. Leeds, dated December 7, 2012, to remedy their prior omission and to attest to the exhibits, the Court will consider the exhibits.

In a similar vein, Defendants argue that the Court should not consider the declarations submitted by Plaintiffs in support of their motion because the "declarations are unsworn, not notarized, and not dated."  (Defs.' Mem. in Opp'n. at 3.)  However, the Court finds that Plaintiffs have submitted sufficient evidence in the form of Carlos Alvarez's deposition testimony, George's deposition testimony, and Defendants' payroll records to demonstrate Defendants' liability without the need for the Court to consider Plaintiffs' declarations.

While the parties agree that Defendants employed Carlos Alvarez, Carlos Munoz, Leandro Munoz, Jose Vidal Munoz Galindo, Ruben Barrera, Jose William Recinos Monje, and Jose Maria Munoz Galindo, (Pls.' R. 56.1 Stmt. ¶¶ 4-9, 11; Defs.' R. 56.1 Counterstmt. ¶ 7), the parties dispute whether Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz were Defendants' employees.  Defendants assert that "Plaintiffs fail to include any declaration, affidavit, transcript testimony or any other evidence indicating that [Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz] actually worked for Defendants."  (Defs.' Mem. in Opp'n. at 4.) Defendants further argue that George asserts in his affidavit submitted in opposition to summary judgment that he does not know anyone in his employ by the name of Juan Leonel Lopez Juarez

or Jorge Mario Ramos Munoz, nor do the company records reflect any employees by those names. (*Id.* at 4-5.) Lastly, Defendants assert that George averred that when "he questioned other employees regarding [Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz, he] was told that they did not know anyone by those names [who] had been employed at his companies." (*Id.* at 5.)

However, Plaintiffs respond that "Defendants conveniently fail to mention that these workers were previously identified *by Defendants* as their employees, and their names and addresses were previously produced to the Plaintiffs in accordance with [the Magistrate Judge's] Publication Order, [which authorized sending a notice] to the FLSA collective under 29 U.S.C. § 216(b)." (Pls.' Reply at 7.) Indeed, a review of Plaintiffs' evidence confirms that Defendants provided Plaintiffs with the names of Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz as "Current Employees." (Exh. P. to Declaration of Suzanne B. Leeds dated December 7, 2012 ("Leeds Decl.").) Nonetheless, at the summary judgment stage, the Court may not weigh the credibility of the evidence, "regardless of whether that evidence is inherently implausible or in conflict with other, more trustworthy evidence." *Blincoe v. W. States Chiropractic Coll.*, 2008 WL 362459, at *2 (D. Or. Feb. 6, 2008); *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) ("In reviewing the evidence and the inferences that may reasonably be drawn, the court may not make credibility determinations or weigh the evidence." (citation and internal quotation marks omitted)). Accordingly, viewing the evidence in a light most favorable to the non-moving Defendants, the Court finds that the statement in George's affidavit that he is unaware of any employees named Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz raises a triable issue as to whether Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz

were employees of Defendants.[3]

Defendants additionally assert that summary judgment should not be granted to Plaintiffs because "there is an issue as to Plaintiffs' credibility regarding whether they actually worked for the defendants and/or worked overtime for the Defendants." (Defs.' Mem. in Opp'n. at 5.) In particular, Defendants argue that (1) a customer and other employees informed George that Carlos Alvarez and Carlos Munoz had a "practice of sleeping on the job and falsifying their time records"; (2) "Defendants have been precluded from deposing [Carlos Munoz because he was deported], and allowing his purported declaration . . . would severely prejudice Defendants' case"; (3) Leandro Munoz, Jose William Recinos Monje, Jose Vidal Munoz Galindo, and Ruben Barrera "attempt[ed] to extract money from [George], by telling him that they would drop the lawsuit if they were paid off," and this "certainly has probative value as to their credibility"; and (4) Defendants did not have an employee named Juan Castillo. (Defs.' Mem. in Opp'n. at 6-8.)

As a preliminary matter, the Court notes that Plaintiffs, except Juan Castillo, Juan Leonel Lopez Juarez and Jorge Mario Ramoz Munoz, have come forth with sufficient evidence to show that they performed work for which they were not properly compensated.[4] Thus, Defendants have the burden of coming forth "with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's

---

[3] The Court notes that George's statement in his affidavit regarding his conversations with other employees about Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz constitutes inadmissible hearsay which, as discussed in the decision *infra*, is insufficient to raise a triable issue of fact. Similarly, George's statement that the company records do not reflect any employees by the names of Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz does not assist the Court in determining whether there is a triable issue of fact because Defendants have not provided the Court with the records as evidence or demonstrated that the records to which George refers would be admissible in evidence. *See* Fed.R.Civ.P. 56(c)(4).

[4] As is discussed in the decision, there are issues of fact regarding whether Juan Castillo, Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz were Defendants' employees.

evidence." *Mt. Clemens*, 328 U.S. at 687-88.  Notably, "[b]road, conclusory attacks on the credibility of a witness will not, by themselves, present questions of material fact," and a party's "uncontroverted assertions" will not be disregarded "without affirmative evidence warranting an adverse inference." *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261-62 (2d Cir. 2005).

Here, Defendants have not presented any affirmative evidence in support of their claim that Carlos Alvarez and Carlos Munoz were seen sleeping on the job or that they falsified their time records.  As observed by Plaintiffs, George's claim that he received a telephone call from a customer informing him that Carlos Alvarez and Carlos Munoz were sleeping in the company truck during work hours, and that other employees told George that these plaintiffs were seen sleeping on the job but did not deduct the time spent sleeping from the time they claimed they had worked, is "based solely on hearsay statements," and is unsupported by any actual evidence that the conduct occurred.  (Pls.' Reply at 8 n.10.)  *See Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999) (stating that an affiant's "statement as to what he 'was told' was hearsay that would not be admissible at trial" and was therefore "[in]sufficient to create a genuine issue to be tried"); *Moon v. Lee*, 2005 WL 2736521, at *3 (E.D.N.Y. Oct. 24, 2005) ("[S]tatements [that] are inadmissible hearsay . . . cannot defeat a motion for summary judgment.")  Thus, Defendants' conclusory and unsupported claims do not negate the inference to be drawn from Plaintiffs' evidence that Plaintiffs performed work for Defendants for which they were not properly compensated.  Indeed, Defendants' bald, unsupported claims do not negate the inference to be drawn from *their own* payroll records which indicate that Carlos Alvarez and Carlos Munoz worked more than 40 hours in most work weeks without being paid

overtime compensation, and George's testimony that Plaintiffs, including Carlos Alvarez and Carlos Munoz, worked from 7:30 a.m. until 5:30 or 6:00 p.m. but were not paid time and one half for those hours. (Pls.' Exh. O; George Dep. at 18, 24, 25, 85, 86.) Furthermore, Defendants' argument that the Court should not consider Carlos Munoz's Declaration because they did not have the opportunity to depose him is moot, because, as discussed *supra*, Plaintiffs have presented other evidence to demonstrate Defendants' liability apart from Plaintiffs' declarations.

Similarly, Defendants' attack on the credibility of Leandro Munoz, Jose William Recinos Monje, Jose Vidal Munoz Galindo, and Ruben Barrera because they purportedly told George that they would drop the lawsuit if he paid them does not negate the inference to be drawn from Plaintiffs' evidence.[5] Even if this assertion were credited, the fact that these plaintiffs said they would drop the lawsuit if George paid them does not in any way negate the evidence showing that Plaintiffs worked more than 40 hours in certain work weeks without receiving proper compensation.

Defendants additionally dispute whether Juan Castillo was their employee. Defendants argue that (1) George averred "that he does not know an employee by the name of [Juan Castillo] . . . who [performed] work for him or for any of his companies"; (2) George "checked all of his companies' records and there is no record of any employee by that name performing any work for any of his companies"; and (3) George "questioned other employees regarding [Juan Castillo] and was told that they do not know anyone by that name that was employed at his companies."

---

[5] The Court notes that the parties mistakenly refer to plaintiff Leandro Munoz as "Lenard Munoz" and "Leonardo Munoz" in their papers.

(Defs.' Mem. in Opp'n. at 8; Affidavit of Michael Anthony George, sworn to on Nov. 23, 2012 ("George Aff.") ¶ 7.) In response, Plaintiffs argue that Defendants never raised this issue throughout the litigation, never sought discovery to investigate Juan Castillo's claims, and failed to submit as proof the alleged company records which show that Juan Castillo was not an employee. (Pls.' Reply at 6-7.) Nevertheless, here, George's averment that he does not know anyone in Defendants' employ named Juan Castillo raises a genuine issue of fact as to whether Juan Castillo was one of the employees who worked for Defendants and was deprived of proper compensation. Although Defendants have apparently failed to raise this issue prior to the instant motion, the Court notes that the list of employees provided to Plaintiffs by Defendants does not contain Juan Castillo's name. (*See* Exh. P. to Leeds Decl.)

Accordingly, based upon the evidence presented by Plaintiffs, the Court finds that Plaintiffs have established Defendants' liability, as a matter of law, on their claims alleging violations of the overtime wage provisions under the NYCRR, with the exception of Plaintiffs' overtime claims pertaining to plaintiffs Juan Castillo, Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz, as there are disputed issues of fact regarding whether Juan Castillo, Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz were Defendants' employees. Notably, the extent of liability, i.e., the damages, is a matter to be addressed on another day.

### 3. *Whether George Was Plaintiffs' Employer*

As noted above, it is undisputed that Defendants, including George, employed Carlos Alvarez, Carlos Munoz, Leandro Munoz, Jose Vidal Munoz Galindo, Ruben Barrera, Jose William Recinos Monje, and Jose Maria Munoz Galindo. (Pls.' R. 56.1 Stmt. ¶¶ 4, 5, 6, 7, 8, 9, 11; Defs.' R. 56.1 Counterstmt. ¶ 7.) Thus, it is correspondingly undisputed that George was the

employer of Carlos Alvarez, Carlos Munoz, Leandro Munoz, Jose Vidal Munoz Galindo, Ruben Barrera, Jose William Recinos Monje, and Jose Maria Munoz Galindo. George does not contend otherwise. Accordingly, the Court need not address Plaintiffs' uncontested position that George was an employer for purposes of the Labor Law.

### III. STATUTE OF LIMITATIONS FOR OVERTIME CLAIMS

The statute of limitations for a claim brought pursuant to Labor Law § 663 is six years. *See* N.Y. Lab. Law § 663(3) (providing in relevant part that "an action to recover upon a liability imposed by this article must be commenced within six years"). The statute of limitations for a claim brought pursuant to FLSA is "two years from the date the cause of action accrued, unless it is a willful violation, for which the statutory limitations period is extended to three years." *Eschmann*, 2014 WL 1224247, at *5 (citing 29 U.S .C. § 255(a)).

Plaintiffs correctly assert that the relevant statute of limitation for their claims brought pursuant to Labor Law § 663 is six years. (Pls.' Mem. in Support at 4.) Plaintiffs also assert that the statute of limitations for their FLSA overtime claim is three years, claiming that Defendants willfully violated the FLSA. (*Id.*) However, the Court need not address the applicable statutory limitations period for Plaintiffs' FLSA overtime violation claim because Plaintiffs have failed to establish that Defendants violated the FLSA. Accordingly, to the extent Plaintiffs seek summary judgment on the issue of willfulness under the FLSA, their motion is denied.[6]

---

[6] Parenthetically, the Court notes that were it to consider the issue of willfulness, it would appear that Plaintiffs have not put forth sufficient evidence in the record to support a finding that Defendants acted willfully.

## *CONCLUSION*

For the reasons stated above, partial summary judgment as to liability is granted to Plaintiffs on their state law overtime claim except as it pertains to plaintiffs Juan Castillo, Juan Leonel Lopez Juarez and Jorge Mario Ramos Munoz, and denied as to Plaintiffs' FLSA overtime claim.

**SO ORDERED.**

Dated: Central Islip, New York
April 29, 2014

/s/
Denis R. Hurley
United States Senior District Judge