UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARLOS ALVAREZ AND CARLOS MUNOZ,
*individually and on behalf of all others similarly
situated who were employed by* MICHAEL
ANTHONY GEORGE CONSTRUCTION
CORP., MICHAEL ANTHONY GEORGE NURSERY
INC., MICHAEL ANTHONY GEORGE, LTD.,
MICHAEL ANTHONY GEORGE, and/or any other
entities affiliated with or controlled by MICHAEL
ANTHONY GEORGE and/or MICHAEL ANTHONY
GEORGE CONSTRUCTION CORP.,

               Plaintiffs,

       - against -

MICHAEL ANTHONY GEORGE CONSTRUCTION
CORP., MICHAEL ANTHONY GEORGE NURSERY
INC., MICHAEL ANTHONY GEORGE, LTD.,
MICHAEL ANTHONY GEORGE, and/or any other
entities affiliated with or controlled by MICHAEL
ANTHONY GEORGE and/or MICHAEL ANTHONY
GEORGE CONSTRUCTION CORP.,

               Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11 CV 1012 (DRH) (AKT)

**APPEARANCES:**

**Attorneys for Plaintiffs**

**LEEDS BROWN LAW, P.C.**
One Old Country Road,
Suite 347
Carle Place, NY 11514
By:    Jeffrey Kevin Brown, Esq.
         Jessica Lorraine Parade, Esq.
         Leonard Leeds, Esq.
         Michael Alexander Tompkins, Esq.

**VIRGINIA & AMBINDER LLP**
40 Broad Street,
7th Floor
New York, NY 10004
By:  Kara Sue Miller, Esq.
     Lloyd Robert Ambinder, Esq.
     Leonor H. Coyle, Esq.
     Suzanne B. Leeds, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court is plaintiffs' application seeking Court approval of the parties' Settlement Agreement (the "Settlement Agreement") and Addendum to Negotiated Settlement Agreement ("Addendum"), which resolves plaintiffs' claims made under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law ("NYLL"). For the reason set forth below, the application is denied.

Settlement agreements resolving claims brought pursuant to the FLSA "generally require judicial approval to be effective, because private settlements will not effectuate a valid release." *Diaz v. Scores Holding Co., Inc.*, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945)).[1] Before a court approves an FLSA settlement, "it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (collecting cases).

Preliminarily, the Court notes that according to the Settlement Agreement defendants "have been represented in this action by Counsel, Pryor & Mandelup LLP and Steven H. Sewell,

---

[1] An FLSA claim may be settled without judicial approval, however, if the settlement is supervised by the Secretary of Labor. *See Wolinksy v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

P.C. . . ." However, neither firm (nor, more appropriately, any attorney from those firms) has entered an appearance on behalf of the defendants.[2] Indeed, according to the docket, none of the defendants are currently represented by counsel - which presents a problem for the corporate defendants as they cannot appear pro se. The Court also notes that the Settlement Agreement filed with the Court has not been executed by the Defendants.

Turning to the merits of the Settlement Agreement, there are a number of issues which prevent approval.

First, the text of the Settlement Agreement provides that the plaintiffs "shall not, in any way, voluntarily assist any individual or entity concerning or prosecuting any action or proceeding against defendants . . . as to matters released under the terms of this agreements." The prohibition includes "voluntarily testifying, providing documents or information, advising, counseling or providing any form of voluntary assistance to any person or entity who wishes to make or who is making any claim against defendants" and to the extent any monies are awarded or paid to plaintiffs for such assistance the plaintiffs are obligated to turn over all monies received to the Defendants. [Settlement Agreement ¶ 2f; *see also id.* at ¶ 2c.] The Court cannot approve a provision which prohibits plaintiffs from cooperating with any other claimant or giving testimony or evidence against the defendants. "These provisions, like [a] confidentiality requirement, run afoul of the purposes of the FLSA and the public's independent interest in assuring the employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, – F. Supp. 3d –, 2015

---

[2] By letter dated February 23, 2015, Steven H. Sewell, Esq. filed a "limited notice of appearance" in which he represented to the Court that he was retained by the defendants "solely to appear on their behalf" at a February 2014 court conference and although his retention was limited he was "authorized by [his] clients to discuss settlement both before and during the conference." [DE 83.]

WL 1455689, *5 (S.D.N.Y. Mar. 30, 2015). Additionally, the Settlement Agreement contains a provision whereby each party agrees they will not make or authorize "any false, disparaging or derogatory remarks about, or refer negatively, to the other, which [sic] relate to Plaintiffs' employment at Defendants." [Settlement Agreement at ¶8.] This language is broad enough to preclude plaintiffs from cooperating or giving testimony. Therefore, the Court will not approve the settlement agreement so long as it contains these provisions.

Second, the language of the releases contained in, and executed as part of, the Settlement Agreement are far too sweeping to be fair and reasonable. Under the proposal, the plaintiffs agree not to file any "lawsuit, charge, claim or complaint" against the Defendants "based on any conduct occurring up to and including the date of execution of the [Settlement] Agreement and the accompanying General Release . . ." [Settlement Agreement ¶ 2d.] Additionally, the General Releases are not limited to the wage and hour claims or matters relating to the instant action. Rather they cover "all actions, causes of action, suit, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, and any and all other proceedings, claims, charges, complaints and demands whatsoever, in law or in equity, known or unknown against the [defendants] which the [plaintiffs, their] heirs, executors, administrators, agents, attorneys, successors and/or assigns may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever . . . based upon any conduct occurring from the beginning of the world up to and including" the date of the release.

The releases purport to waive any possible claim against the defendants. In a recent decision denying approval of an FLSA settlement, a similarly broad release was rejected because

it "purport[ed] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues." *Camacho v. ESS-A- Bagel, Inc.,* 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014) As that court noted, such a wide-ranging release is "doubly problematic" in the context of an FLSA case where courts have "an obligation to police unequal bargaining power between employees and employers." *Id*.

> "An employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled. In effect, the employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim. . . . Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA."

*Id.* (quoting *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). Employers should not be permitted to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute. Such broad releases "confers an uncompensated, unevaluated, and unfair benefit on the employer and is unequitable and unfair." *Lopez ,* – F. Supp. 3d –, 2015 WL 1455689, at *7.

Third, the Settlement Agreement provides: "For tax purposes, 50% of each payment shall be treated as back wages, subject to I.R.S. Form W-2 reporting, and 50% of each payment shall be treated as independent contractor compensation, and shall be subject to I.R.S. Form 1099 reporting." [Settlement Agreement at ¶ 3d.] Nothing in the information provided to the Court indicates that the plaintiffs were, even partially, independent contractors. The Court will not approve an attempt by either plaintiffs or defendants to avoid income or other tax liability.

5

Therefore, the Court will not approve the settlement agreement so long as it contains such a provision.

Lastly, the Court turns to the terms of the Addendum. The Addendum, filed on June 9, 2015, provides that opt-in plaintiff Jorge Ramos Munoz ("Munoz") has thus far failed to execute the settlement documents and should he not execute the settlement documents on or before June 9, 2016,[3] his claims will be dismissed with prejudice, and counsel for plaintiffs will file no later than June 19, 2016 all documents necessary to have his claims dismissed with prejudice. The Addendum further provides that the claims of Juan Leonel Lopez Juarez are dismissed "with prejudice" and the terms of the Settlement Agreement providing payment to him are stricken, with prejudice. Neither counsel has provided the Court with any background information regarding the Addendum. Lacking such information, the Court has serious concerns as to the propriety of dismissing the claims of these two plaintiffs with prejudice. For example, that Munoz apparently has either failed or even refused to execute the settlement agreement does not justify dismissing his claims with prejudice. Indeed, that his counsel would agree to such a provision could call into question whether the Settlement Agreement was negotiated at arms length. The lack of any information and or explanation regarding the Addendum precludes approval of the Settlement Agreement, including the Addendum.

Accordingly, the Court hereby denies without prejudice the application for approval of the Settlement Agreement. To the extent the parties are able to agree upon a revised settlement agreement which addresses the deficiencies noted herein, that agreement, together with such

---

[3] The year 2016 is not a typographical error on the Court's part, although it may be such on the part of counsel.

additional information as is appropriate, should be submitted to the Court within thirty (30) days of the date of this Order; otherwise the case will be referred back to Magistrate Judge Tomlinson for pre-trial proceedings.

**SO ORDERED.**

Dated: Central Islip, New York
       June 10, 2015                                    /s/
                                                          Denis R. Hurley
                                                          Unites States District Judge