```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
```
CARLOS ALVAREZ AND CARLOS MUNOZ,
*individually and on behalf of all others similarly
situated who were employed by* MICHAEL
ANTHONY GEORGE CONSTRUCTION
CORP., MICHAEL ANTHONY GEORGE NURSERY
INC., MICHAEL ANTHONY GEORGE, LTD.,
MICHAEL ANTHONY GEORGE, and/or any other
entities affiliated with or controlled by MICHAEL
ANTHONY GEORGE and/or MICHAEL ANTHONY
GEORGE CONSTRUCTION CORP.,

      Plaintiffs,

   - against -

MICHAEL ANTHONY GEORGE CONSTRUCTION
CORP., MICHAEL ANTHONY GEORGE NURSERY
INC., MICHAEL ANTHONY GEORGE, LTD.,
MICHAEL ANTHONY GEORGE, and/or any other
entities affiliated with or controlled by MICHAEL
ANTHONY GEORGE and/or MICHAEL ANTHONY
GEORGE CONSTRUCTION CORP.,

      Defendants.
```
-------------------------------------------------------------X
```

**MEMORANDUM AND ORDER**
11 CV 1012 (DRH) (AKT)

**APPEARANCES:**

**Attorneys for Plaintiffs**

**LEEDS BROWN LAW, P.C.**
One Old Country Road,
Suite 347
Carle Place, NY 11514
By: Jeffrey Kevin Brown, Esq.
   Jessica Lorraine Parade, Esq.
   Leonard Leeds, Esq.
   Michael Alexander Tompkins, Esq.

VIRGINIA & AMBINDER LLP
40 Broad Street,
7th Floor
New York, NY 10004
By:   Kara Sue Miller, Esq.
      Lloyd Robert Ambinder, Esq.
      Leonor H. Coyle, Esq.
      Suzanne B. Leeds, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court is plaintiffs' application seeking Court approval of the parties' Revised Settlement Agreement (the "Revised Agreement") [DE 94] which resolves plaintiffs' claims made under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law ("NYLL"). For the reason set forth below, the application is denied.

By Order dated June 10, 2015 [DE 90], the Court denied approval of the original settlement agreement [DE 89] because (1) it prohibited the plaintiffs from cooperating with other claimant to giving testimony or evidence against the defendants; (2) the language of the releases was too broad, waiving any possible claim against the defendants and not limited to the wage and hour claims or other matter relating to the instant action; (3) provided that 50% of the wages would be treated as back wages and 50% would be treated as independent contractor compensation without any information provided to support that plaintiffs were even partially independent contractors; and (4) dismissed with prejudice the claims of an opt-in plaintiff that did not execute the settlement agreement. The Revised Agreement has satisfactorily addressed all the concerns set forth in the June 10 Order except for the broadness of the release.

The release set forth in paragraph 2(d) of the Revised Agreement releases defendants "from any and all claims of any kind or nature, whether known or unknown, arising up to and as

2

of the date of the execution of this Agreement" and then goes on to list various statutes (both those included in the original settlement agreement as well as additional statues not listed in the original release) as well as "any other federal state or local, human rights, public accommodation, product distribution, wage, wage-hour, wage payment, sales or distribution, whistleblower, qui tam, retaliation, discrimination, bias, civil right, benefits, pension, labor; and any benefit plan, compensation plan, severance plan or any other plan, practice or program of any kind."  In revising the release language, the parties patterned the language after a release contained in an FLSA settlement approved by this Court in 2013.  However, since that time the landscape has changed.  Indeed, the Second Circuit in its recent decision in *Cheeks v. Freeport Pancake House, Inc.*, – F.3d –, 2015 WL 4664283. *6  (2d Cir. Aug. 7, 2015) sanctioned the rejection of overbroad releases  that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whosoever to wage and hour issues." Accordingly, the Court cannot approve a settlement that includes the release of claims unrelated to wage and hour issues.

Accordingly, the Court hereby denies without prejudice the application for approval of the Revised Agreement.  To the extent the parties are able to agree upon a revised settlement agreement which addresses the deficiency noted herein, that agreement, together with any separate releases executed by the plaintiffs,[1] should be submitted to the Court within thirty (30) days of the date of this Order; otherwise the case will be referred back to Magistrate Judge

---

[1] Whereas the submission for approval of the original settlement agreement included the releases signed by the plaintiffs, such releases were not submitted with the Revised Agreement.

Tomlinson for pre-trial proceedings.

**SO ORDERED.**

Dated: Central Islip, New York
August 27, 2015

                                                                                /s/
                                                        Denis R. Hurley
                                                        Unites States District Judge